09-3487-cv
Vladimir v. Bioenvision, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

GARY THESLING and DONALD JOHNSON,

                  *Plaintiffs,*

BERT VLADIMIR, individually and on behalf
of all others similarly situated,

                  *Plaintiff-Appellant,*

        -v.-                              09-3487-cv

BIOENVISION, INC., CHRISTOPHER B. WOOD,
JAMES S. SCIBETTA, JOSEPH P. COOPER,
STEVEN A. ELMS, MICHAEL G. KAUFFMAN, and
ANDREW SCHIFF,

                  *Defendants-Appellees,*

PERSEUS-SOROS BIOPHARMACEUTICAL FUND, LP,

                  *Defendant.*

_____

FOR APPELLANT:          LEE SQUITIERI, Squitieri & Fearon, LLP, New York, NY.

FOR APPELLEES:          JOHN D. DONOVAN, JR. (Christopher G. Green, C. Thomas Brown, and Amy D. Roy, *on the brief*), Ropes & Gray LLP, Boston MA.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff-appellant Bert Vladimir ("plaintiff"), lead plaintiff in this securities fraud class action, appeals from the dismissal of his claims against defendants-appellees pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b), 78t(a).[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

In the Supplemental Amended Class Action Complaint, plaintiff alleged that one or more defendants made seven statements between February and May 2007 that were rendered materially misleading by defendants' failure to disclose

---

[1] Plaintiff also brought claims against Perseus-Soros Biopharmaceutical Fund, LP ("Perseus-Soros") pursuant to sections 10(b), 13(d), and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b), 78m(d), 78t(a). The district court dismissed these claims as well, plaintiff does not challenge those decisions, and Perseus-Soros is not a party to this appeal.

that defendant Bioenvision, Inc. was engaged in merger negotiations with non-party Genzyme Corporation.[2]  The district court examined each of the challenged statements individually and concluded that the allegations were deficient for at least one — and sometimes both — of two reasons.  First, with respect to several of the statements, the court concluded that plaintiff had not identified any legal duty that required defendants to disclose the omitted information relating to the merger negotiations.  Second, the court also concluded that certain of plaintiff's allegations failed to meet the particularity requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b), and Rule 9(b) of the Federal Rules of Civil Procedure.  For the reasons set forth below, we find the first basis relied on by the district court to be sufficient to sustain the dismissal of the claims against defendants-appellees that are at issue in this appeal.

In order to state claims pursuant to section 10(b) of

---

[2] Relying on allegations from a separate state court action, plaintiff also alleged that defendants unlawfully failed to disclose a January 2007 "secret[]" merger agreement between Genzyme Corporation and agents of Perseus-Soros, the controlling shareholder of Bioenvision.  The district court dismissed plaintiff's claims based on this allegation, and plaintiff has not challenged that conclusion in this appeal.  Therefore, we deem this aspect of the claims in the Supplemental Class Action Complaint to have been abandoned.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

the Exchange Act and Rule 10b-5 promulgated thereunder, a plaintiff must allege, *inter alia*, that the defendant engaged in a material misrepresentation or omission. *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 92 (2d Cir. 2010). In this case, plaintiff's legal theory is based on alleged omissions rather than misrepresentations. "For an omission to be actionable, the securities laws must impose a duty to disclose the omitted information." *Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002). With respect to defendants-appellees, who are not alleged to have traded in Bioenvision's securities, such a duty may arise either: (1) expressly pursuant to an independent statute or regulation; or (2) as a result of the ongoing duty to avoid rendering existing statements misleading by failing to disclose material facts, *see* 17 C.F.R. § 240.10b-5(b).

Thus, it is by now axiomatic that "a corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact." *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 267 (2d Cir. 1993). As the district court correctly observed, however, no express duty requires the disclosure of merger *negotiations*, as opposed to a definitive merger *agreement*. Moreover, "[s]ilence, absent a duty to disclose, is not

misleading . . . ." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988). For substantially similar reasons to those stated by the district court, we hold that plaintiff has not identified any part of the seven challenged statements that were rendered materially misleading by the alleged omissions relating to Bioenvision's merger negotiations.[3] This pleading deficiency is sufficient to warrant the affirmance of the entire portion of the district court's decision that is challenged in this appeal, including the dismissal of plaintiff's claims against defendants-appellees for control-person liability. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

We have considered each of plaintiff's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Although the district court did not reach this conclusion with respect to each of the seven statements relied on by plaintiff, we may affirm on any basis supported by the record. *E.g.*, *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006). We find that to be the appropriate course here and, in light of our holding, do not reach the merits of the district court's particularity analysis.